1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT JILBERT,

11            Plaintiff,                    No. CIV S-12-0342 CKD P

12        vs.

13   PHIL SHANNON, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  He

17   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding

18   was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19        Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21        Because plaintiff was incarcerated when he filed this action and because he is

22   seeking relief against a governmental entity or officer or employee of a governmental entity, the

23   court is required to screen his complaint.  28 U.S.C. § 1915A(a).  The court must dismiss

24   plaintiff's complaint or portion thereof if plaintiff has raised claims that are legally "frivolous or

25   malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

26   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain

9  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

10  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

11  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

13  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

14  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

15  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

16  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

17  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

18  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

19  Rhodes, 416 U.S. 232, 236 (1974).

20    The court finds the allegations in plaintiff's complaint so vague that it fails to

21  state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure

22  adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the

23  claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.

24  1984).  Plaintiff must allege with at least some degree of particularity overt acts which

25  defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.

26  The court will, however, grant leave to file an amended complaint.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5  there is some affirmative link or connection between a defendant's actions and the claimed

6  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

9  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11  order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

12  complaint be complete in itself without reference to any prior pleading.  This is because, as a

13  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

14  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

15  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

16  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

17    In accordance with the above, IT IS HEREBY ORDERED that:

18    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

19    2.  Plaintiff's complaint is dismissed.

20    3.  Plaintiff is granted thirty days from the date of service of this order to file an

21  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

22  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

23  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

24  /////

25  /////

26  /////

3

1   an original and two copies of the amended complaint; failure to file an amended complaint in

2   accordance with this order will result in a recommendation that this action be dismissed.

3     Dated: March 30, 2012

4   _____
    CAROLYN K. DELANEY

5   UNITED STATES MAGISTRATE JUDGE

6

7
    1
8   jibe0342.14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26